United States District Court
Southern District of Texas
FILED

JAN 1 1 2001

MICHAEL N. MILBY, CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> KOCH INDUSTRIES, INC. <br><br> KOCH PETROLEUM GROUP, L.P. <br><br> DAVID L. LAMP <br><br> VINCENT A. MIETLICKI <br><br> JOHN C. WADSWORTH <br><br> JAMES W. WEATHERS, JR. <br><br> **Defendants** | CR C-00-325 <br><br> **SUPERSEDING INDICTMENT** <br><br> 18 U.S.C. § 371 (Conspiracy) <br><br> 42 U.S.C. § 7413(c)(1) (Violation of the Clean Air Act Emission Standards, 40 C.F.R. § 61.342(e)) <br><br> 42 U.S.C. § 9603(b) (Failure to Report Release of Hazardous Substance) <br><br> 18 U.S.C. §1001 (False Statements) <br><br> 18 U.S.C. § 2 (Aiding and Abetting) |

THE GRAND JURY CHARGES THAT:

## COUNT 1

At all times material to this Indictment:

1.      The defendants **KOCH INDUSTRIES, INC.,** and **KOCH PETROLEUM GROUP, L.P.,** through their agents and employees, owned and operated a petroleum refinery in Nueces County, Texas, which was located on Suntide Road (the "West Plant").

2.      Defendant **KOCH INDUSTRIES, INC.,** owned defendant **KOCH PETROLEUM GROUP, L.P.**  In connection with operations at the West Plant, the defendant

-1-



**KOCH PETROLEUM GROUP, L.P.** acted on behalf of, in concert with, and for the benefit of the defendant **KOCH INDUSTRIES, INC.**

3.      Operations at the West Plant were subject to environmental regulations adopted by the United States Environmental Protection Agency ("EPA") under the authority of the federal Clean Air Act. Those regulations included National Emissions Standards for Hazardous Air Pollutants for waste operations which applied to benzene contaminated waste streams at the West Plant ("benzene NESHAP").

4.      The federal Clean Air Act prohibits the operation of a stationary source like the West Plant in violation of the benzene NESHAP.

5.      The defendants **DAVID L. LAMP,  VINCENT A. MIETLICKI,  JOHN C. WADSWORTH,** and **JAMES W. WEATHERS, JR.,** were employees of **KOCH INDUSTRIES, INC.,** or **KOCH PETROLEUM GROUP, L.P.,** who had authority to affect compliance with the benzene NESHAP at the West Plant and at various times during their employment, each participated in and were otherwise engaged in activities which affected the West Plant's compliance with the benzene NESHAP.

6.      The EPA had delegated responsibility to the State of Texas to implement and enforce the benzene NESHAP. Pursuant to the federal Clean Air Act, the EPA retained authority to enforce the benzene NESHAP.

7.      The defendants **DAVID L. LAMP,  VINCENT A. MIETLICKI,  JOHN C. WADSWORTH,** and **JAMES W. WEATHERS, JR.,** each participated in and otherwise was engaged in activities intended to misrepresent and conceal violations of the benzene NESHAP at the West Plant from the Texas Natural Resource Conservation Commission ("TNRCC").

A.     **THE CONSPIRACY**

8.     From on or about January 1, 1995, and continuing until on or about May 31, 1996, both dates being approximate and inclusive, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the defendants, **KOCH INDUSTRIES, INC., KOCH PETROLEUM GROUP, L.P., DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH,** and **JAMES W. WEATHERS, JR.,** did knowingly and willfully conspire with each other, and with others known and unknown to the Grand Jury, to commit the following offenses against the United States:

(a)     To knowingly operate the West Plant in a manner which violated the emission standard found at Title 40, Code of Federal Regulations, Section 61.342(e) in violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code Section 2; and

(b)     To knowingly and willfully misrepresent and conceal material matters within the jurisdiction of the United States Environmental Protection Agency in violation of Title 18, United States Code, Section 1001 and Title 18, United States Code Section 2.

B.     **MANNER AND MEANS OF ACCOMPLISHING THE CONSPIRACY**

9.     The defendants and others known and unknown to the Grand Jury used the following manner and means to accomplish the conspiracy:

(a)     It was part of the conspiracy to knowingly operate the West Plant such that the annual uncontrolled benzene quantity in its wastewater did not comply with the emission standard found at Title 40, Code of Federal Regulations, Section 61.342(e).

(b)     It was an ongoing and continuous part of the conspiracy to knowingly and willfully misrepresent and conceal any information which would reveal that the uncontrolled benzene quantity in the wastewater at the West Plant exceeded the 6 megagram limit during 1995.

C.    **OVERT ACTS**

10.    In order to help the conspiracy succeed, avoid detection and accomplish its goals, at least one of the conspirators committed, and caused to be committed, one or more of the following acts in the Southern District of Texas and elsewhere.  The list of overt acts set forth in this Superseding Indictment does not exhaust all of the overt acts which may be shown at trial:

(a)    On or about January 6, 1995, a West Plant employee sent a letter to the TNRCC certifying that all equipment necessary to comply with the emission standard at Title 40, Code of Federal Regulations, Section 61.342(e) had been installed at the West Plant.

(b)    On or about January 6, 1995, an employee at the West Plant signed a document which certified that the control equipment for the oil-water separators at the West Plant had been designed to operate "at the relevant performance level when the waste management unit vented to the control device is or would be operating at the highest load or capacity expected to occur."

(c)    On or about January 7, 1995, employees at the West Plant disconnected the control device for the Edens oil-water separator at the West Plant.

(d)    On or about January 11, 1995, **VINCENT A. MIETLICKI** directed employees under his supervision and control to report failures of the control device for the oil-water separators at the West Plant to the TNRCC as "upsets."

(e)    On or about January 12, 1995, employees at the West Plant constructed and caused to be constructed a line designed to bypass the control device for the Edens oil-water separator at the West Plant.

(f)    On or about March 2, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

-4-

(g)     On or about April 7, 1995, an employee of the West Plant filed a report which concealed the fact that during the first quarter of 1995, waste streams entering the aeration basin at the West Plant had not been tested to determine the quantity of benzene in them.

(h)     On or about April 15, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

(i)     On or about May 5, 1995, **JAMES W. WEATHERS, JR.,** attended a meeting and there received information which showed that the uncontrolled benzene quantity in wastewater at the West Plant had exceeded 6 megagrams during 1995.

(j)     On or about July 18, 1995, **JOHN C. WADSWORTH and JAMES W. WEATHERS, JR.,** attended meetings and there received information which showed that the uncontrolled benzene quantity in wastewater at the West Plant had exceeded 6 megagrams in 1995.

(k)     On or about August 2, 1995, a West Plant employee filed a report which concealed the fact that during the second quarter of 1995, waste streams entering the aeration basin at the West Plant had not been tested to determine the quantity of benzene in them.

(l)     On or about August 7, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

(m)     On or about September 5, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

(n)     On or about October 5, 1995, **VINCENT A. MIETLICKI** reviewed and commented on a report from a private consultant which showed that the uncontrolled benzene

quantity in wastewater at the West Plant had exceeded 6 megagrams in 1995.

(o)     On or about October 6, 1995, **VINCENT A. MIETLICKI** met with a private consultant and discussed a report which showed that the uncontrolled benzene quantity in wastewater at the West Plant had exceeded 6 megagrams in 1995.

(p)     On or about October 12, 1995, **DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH, and JAMES W. WEATHERS, JR.,** attended a meeting and there discussed a report that the flameless thermal oxidizer was undersized and was down.

(q)     On or about October 12, 1995, **DAVID L. LAMP** wrote that the uncontrolled benzene quantity in wastewater at the West Plant was over 6 tons and noted reliability problems for the control device.

(r)     On or about October 26, 1995, **VINCENT A. MIETLICKI, JOHN C. WADSWORTH, and JAMES W. WEATHERS, JR.,** attended a meeting and there discussed that the flameless thermal oxidizer was down and that the uncontrolled benzene quantity in the wastewater at the West Plant had exceeded 6 megagrams in 1995.

(s)     On or about October 30, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

(t)     On or about November 6, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

(u)     On or about November 13, 1995, **VINCENT A. MIETLICKI** sent to **JOHN C. WADSWORTH** a memorandum written by **JAMES W. WEATHERS, JR.,** stating that the Edens oil-water separator was uncontrolled, the flameless thermal oxidizer was undersized, and that the

-6-

uncontrolled benzene quantity in the wastewater at the West Plant had exceeded 6 megagrams in 1995.

(v)     On or about November 20, 1995, **DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH, and JAMES W. WEATHERS, JR.,** discussed the explanations they planned to make regarding noncompliance with the benzene NESHAP.

(w)     On or about November 27, 1995, **VINCENT A. MIETLICKI** and **JAMES W. WEATHERS, JR.,** attended a meeting with representatives of the TNRCC in Austin, Texas, and misrepresented the extent to which the West Plant was out of compliance with the benzene NESHAP.

(x)     On or about November 30, 1995,  **DAVID L. LAMP** and **JOHN C. WADSWORTH** attended a meeting at which a West Plant employee told them that the West Plant was out of compliance with the benzene NESHAP.

(y)     On or about December 18, 1995, employees at the West Plant caused benzene contaminated wastewater to flow into the Edens oil-water separator when it did not have a control device.

(z)     On or about December 29, 1995, West Plant employees sent to **DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH, and JAMES W. WEATHERS, JR.,** a memorandum stating that the uncontrolled benzene quantity in wastewater at the West Plant had exceeded 6 megagrams in 1995.

(aa)     On or about January 1, 1996,  **VINCENT A. MIETLICKI** reviewed a report from a private consultant which showed that the uncontrolled benzene quantity in wastewater at the West Plant had exceeded 6 megagrams during 1995.

(bb)     On or about January 4, 1996, a West Plant employee sent to **VINCENT A.**

**MIETLICKI** a memorandum stating that the uncontrolled benzene quantity in wastewater at the West Plant exceeded 6 megagrams in 1995.

(cc)     On or about February 6, 1996, defendants **VINCENT A. MIETLICKI** and **JAMES W. WEATHERS, JR.,** attended a meeting with representatives of the TNRCC in Austin, Texas, and misrepresented information concerning compliance with the benzene NESHAP at the West Plant.

(dd)     On or about February 12, 1996, defendants **VINCENT A. MIETLICKI** and **JAMES W. WEATHERS, JR.,** attended a meeting with representatives of the TNRCC in Corpus Christi, Texas, and misrepresented information concerning compliance with the benzene NESHAP at the West Plant.

(ee)     On or about April 8, 1996, **JAMES W. WEATHERS, JR.,** filed a document with the TNRCC which misrepresented the amount of uncontrolled benzene in wastewater at the West Plant.

(ff)     On or about April 18, 1996, defendants **JAMES W. WEATHERS, JR.,** and **VINCENT A. MIETLICKI** delivered a document to a representative of the TNRCC which misrepresented information concerning compliance with the benzene NESHAP at the West Plant.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-4

11.     Paragraphs 1 through 6 of Count 1 of the superseding indictment are alleged as if set forth in full.

12.     On or about the following dates, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the defendants, **KOCH INDUSTRIES, INC., KOCH PETROLEUM GROUP, L.P., DAVID L. LAMP, VINCENT A. MIETLICKI** and **JOHN C.**

-8-

**WADSWORTH,** were owners or operators of the West Plant and knowingly operated and caused to be operated the West Plant when they knew that on or before that date the 1995 annual uncontrolled benzene quantity in the wastewater at the plant had exceeded 6 megagrams. The manner in which the defendants operated the West Plant on or about the dates alleged violated an applicable National Emissions Standard for Hazardous Air Pollutants; namely, Title 40 Code of Federal Regulations, Section 61.342(e):

| | |
|---|---|
| **Count 2** | On or about October 26, 1995 |
| **Count 3** | On or about November 20, 1995 |
| **Count 4** | On or about December 1, 1995 |

All in violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

## COUNT 5

13.   Paragraphs 1 through 7 of Count 1 of the superseding indictment are alleged as if set forth in full.

14.   On or about February 6, 1996, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants, **KOCH INDUSTRIES, INC., KOCH PETROLEUM GROUP, L.P., DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH** and **JAMES W. WEATHERS, JR.,** did knowingly and willfully make and cause to be made a false, fictitious and fraudulent statement and representation as to material matters within the jurisdiction of the United States Environmental Protection Agency, to wit: on or about that date they told the TNRCC that they had found all sources of benzene and had eliminated or controlled them and that they were no longer putting hydrocarbons, including benzene, into the sewers at the West Plant.

In violation of Title 18, United States Code, Section 1001 and Title 18, United States Code,

-9-

Section 2.

## COUNT 6

15.     Paragraphs 1 through 7 of Count 1 of the superseding indictment are alleged as if set forth in full.

16.     On or about April 8, 1996, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the defendants, **KOCH INDUSTRIES, INC., KOCH PETROLEUM GROUP, L.P., DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH** and **JAMES W. WEATHERS, JR.,** did knowingly and willfully make and cause to be made a false, fictitious and fraudulent statement and representation as to material matters within the jurisdiction of the United States Environmental Protection Agency, to wit: on or about that date, they submitted and caused to be submitted a report to the TNRCC which represented that the annual benzene quantity in uncontrolled streams at the West Plant was 0.61 megagrams.

In violation of Title 18, United States Code, Section 1001 and Title 18, United States Code, Section 2.

## COUNT 7

17.     Paragraphs 1 through 7 of Count 1 of the superseding indictment are alleged as if set forth in full.

18.     On or about April 18, 1996, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the defendants, **KOCH INDUSTRIES, INC., KOCH PETROLEUM GROUP, L.P., DAVID L. LAMP, VINCENT A. MIETLICKI, JOHN C. WADSWORTH** and **JAMES W. WEATHERS, JR.,** did knowingly and willfully make and cause to be made a false, fictitious and fraudulent statement and representation as to material matters within the jurisdiction of the United States Environmental Protection Agency, to wit: on or about April 18, 1996, they

stated and caused to be stated in a letter to the TNRCC, that the West Plant refinery "maintains continuous compliance with the regulatory requirements of Benzene NESHAPS Subpart FF."

In violation of Title 18, United States Code, Section 1001 and Title 18, United States Code, Section 2.

### COUNTS 8-9

19.     The defendants **KOCH INDUSTRIES, INC.,** and **KOCH PETROLEUM GROUP, L.P.** were each a "person in charge of a facility" from which benzene, a hazardous substance, was released.

20.     A reportable quantity of benzene is 10 pounds within a twenty-four hour period.

21.     On or about October 9, 1995, the defendants **KOCH INDUSTRIES, INC.,** and **KOCH PETROLEUM GROUP, L.P.** had in their possession certain Performance Testing data for the flameless thermal oxidizer which data established that at least 10 pounds of benzene per day were entering the vent stream intended to be processed by the flameless thermal oxidizer.

22.     On or about July 2 through July 4, 1995, September 10 through September 12, 1995, September 15 through September 21, 1995, September 23 through September 25, 1995, September 28 through September 29, 1995, and September 30, 1995 a reportable quantity of benzene, a hazardous substance, was released into the atmosphere from the API oil-water separator at the West Plant.  The defendants **KOCH INDUSTRIES, INC.,** and **KOCH PETROLEUM GROUP, L.P.** became aware of the releases, at the latest, upon the assembly of information necessary for filing the quarterly report for the third quarter of 1995, which report was completed on or about October 25, 1995.

23.     On or about October 1 through October 2, 1995, October 2 through October 11, 1995, November 10 through November 11, 1995, November 19 through November 28, 1995, and

November 30 through December 1, 1995, reportable quantities of benzene, a hazardous substance, were released into the atmosphere from the API oil-water separator at the West Plant. The defendants **KOCH INDUSTRIES, INC.,** and **KOCH PETROLEUM GROUP, L.P.** became aware of the releases, at the latest, upon the assembly of information necessary for filing the quarterly report for the fourth quarter of 1995, which report was completed on or about January 29, 1996.

24.   On or about the following dates in the Southern District of Texas, and within the jurisdiction of the Court, the defendants, **KOCH INDUSTRIES, INC.,** and **KOCH PETROLEUM GROUP, L.P.,** operators of the West Plant and each a person in charge of the West Plant, failed to report the release of a reportable quantity of benzene, a hazardous substance, to the National Response Center, the appropriate agency of the United States, as soon as the defendants had knowledge of the release;

> **Count 8**      On or about October 25, 1995
>
> **Count 9**      On or about January 29, 1996

All in violation of Title 42, United States Code, Section 9603(b) and Title 18, United States Code, Section 2.

DATED:

*1 - 11 - 01*

A TRUE BILL:



FOREPERSON OF THE GRAND JURY

LOIS J. SCHIFFER
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Washington, D.C.

By:   _Eileen Gleason Clabault_

EILEEN GLEASON CLABAULT
Attorney-in-Charge
Assistant Chief
Environmental Crimes Section
Louisiana State Bar #11976


DAVID P. O'VERY
Trial Attorney
Environmental Crimes Section
Washington State Bar #21348